IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MICHAEL BRAZELL, JR.**                                                               **PLAINTIFF**
**ADC #500711**

**V.**                    **NO. 2:25-cv-00138-BSM-ERE**

**BALL,** *et al.*                                                                    **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections**

This Recommendation for the dismissal of Mr. Brazell's claims has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Objections, if filed, must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact.

**II.**      **Background**

*Pro se* plaintiff Michael Brazell, Jr., an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. His 201-page complaint names twenty-three Defendants and contains numerous general conclusory allegations in support of multiple factually and legally unrelated claims.[1]

---

[1] Mr. Brazell's complaint alleges that: (1) he has only been allowed eight hours of outside recreation in the one year that he has been held in solitary confinement; (2) Defendants Ball Davis,

On August 1, 2025, I entered an Order explaining the multiple problems with Mr. Brazell's complaint but giving him 30 days to file an amended complaint asserting only related claims. *Doc. 8*. Mr. Brazell did not comply with my August 1, 2025 Order and did not file an amended complaint. As a result, on September 29, 2025, I directed Mr. Brazell to confirm whether he intended to proceed with this lawsuit and to identify which claim set forth in his complaint that he wanted to pursue in this lawsuit. *Doc. 9*. I specifically warned Mr. Brazell that if he failed to respond to my September 29 Order, I would recommend that this case be dismissed.

To date, Mr. Brazell has not responded to my September 29 Order, and the time to do so has passed. In addition, on October 9, 2025, Mr. Brazell's mail from the Court was returned undeliverable with the notation "refused." *Doc. 10*. Mr.

---

Randle, Richardson, Hayne, and King are aware that he has been denied the opportunity to engage in outdoor recreation, but have failed to address this issue; (3) in September 2024, Defendant Roberinson sexually harassed him; (4) Defendants Ball, Davis, Richardson, Hayne, Allison, Coleman, Mills, and Prater turned a "blind eye" to Defendant Roberinson's conduct; (5) unidentified Defendants retaliated against Mr. Brazell for filing grievances regarding Defendant Roberinson's conduct; (6) unidentified mental health counselors have been deliberately indifferent to Mr. Brazell's mental health needs; (7) Defendants Bennett and Kerstein have been deliberately indifferent to Mr. Brazell's serious medical needs, including their failure to order x-ray examinations of his shoulder, back, knee, wrist, and head; (8) Defendants Sander, Ball, Davis, Richardson, Randle, Hayne, Banister, Blak, Minor, and Scruggs violated Mr. Brazell's due process rights by denying him the right to call witnesses and present evidence at "every disciplinary that was wrote against me" (*Doc. 2 at 12*); (9) Defendants Westbrook, Smith, Ball, Davis, Randle, and Richardson have been deliberately indifferent to his safety by failing to place him in protective custody after a "hit" was placed on him (*Id. at 14*); (10) Defendants Wright, Ball, Davis, Randle, and Richardson have denied him access to the courts and the law library; (11) Defendants Wright, Ball, Davis, Randle, and Richardson have denied him the opportunity to practice his religion; (12) unidentified Defendants have denied him access to his "tablet" (*Id. at 17*); (13) the conditions of confinement are unconstitutional; and (14) unidentified Defendants have improperly processed his grievances in violation of his due process rights.

Brazell has not provided the Court with a different address. Finally, Mr. Brazell has not filed anything in the case since July 30, 2025.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Brazell's complaint be DISMISSED, without prejudice, based on his failure to: (1) respond to my September 29 Order; and (2) prosecute this lawsuit.

2. The Clerk be instructed to close this case.

DATED 3 November 2025.

_____
UNITED STATES MAGISTRATE JUDGE